

Paige M. Willan
Direct Dial: 215-569-4283
Email: PWillan@klehr.com

November 7, 2024

*The Court is in receipt of the endorsed letter. Plaintiff shall file a response in a letter not to exceed three pages **by November 15, 2024**. SO ORDERED.*

*Dated: November 12, 2024*
*New York, New York*

Dale E. Ho
United States District Judge

**VIA ECF**
The Honorable Dale E. Ho
United States District Judge
Southern District of New York
40 Foley Square
New York, New York

RE:   *Adriana Walsh v. Nelnet Servicing, LLC*, Civ. No. 1:24-cv-04325-DEH (S.D.N.Y.)

Dear Judge Ho:

    Defendant Nelnet Servicing, LLC ("Nelnet") respectfully submits this letter motion to request a stay of discovery ("Motion to Stay") until the Court rules on Nelnet's pending Motion to Dismiss the Amended Complaint ("Motion to Dismiss") (Doc. # 25, Memorandum of Law in Support of Motion to Dismiss), which seeks dismissal under the first-filed rule. Nelnet stated its intent to file this Motion to Stay in paragraph 13 of the October 23, 2024 joint case management plan. Nelnet then filed a letter motion requesting adjournment of the pretrial conference until after briefing was completed on Nelnet's Motion to Stay. This Court granted Nelnet's motion for an adjournment on October 28, 2024, and it reset the pretrial conference to November 27, 2024.

    Nelnet's pending Motion to Dismiss explains that before Plaintiff's counsel filed this case, Plaintiff's counsel filed a nearly identical class action in the United States District Court for the District of New Jersey ("*Derrico* Action"). Under the Second Circuit's first-filed rule, this case should be dismissed, and the *Derrico* Action should proceed. If this case is not dismissed, Nelnet would face duplicative and onerous class proceedings and discovery, two district courts would have their resources needlessly taxed on overlapping issues, and all Parties would risk inconsistent judgments between the two actions. (*See generally* Doc. # 25, Memorandum of Law in Support of Motion to Dismiss). The Court must ultimately decide whether to allow these two actions to proceed, or to grant Nelnet's Motion to Dismiss this case under the first-filed rule.

    While it considers whether to grant Nelnet's pending Motion to Dismiss, the Court should stay discovery. If the Court does not stay discovery, the Parties and Court might needlessly expend considerable resources on class discovery.

    District courts have "considerable discretion to stay discovery" upon a showing of good cause. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). When a party moves

November 7, 2024
Page 2

to stay discovery pending resolution of a motion to dismiss, the court considers three factors: (1) "the strength of the motion [to dismiss]"; (2) "the breadth of discovery sought"; and (3) "any prejudice that would result[.]" *Id.* (quoting *Hons Leong Fin. Ltd. (Singapore) v. Pinnacle Perf. Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Here, all three factors support a stay.

**Nelnet presented a strong argument that this case must be dismissed under the first-filed rule.** Courts in this Circuit recognize that it would waste the litigants' and courts' resources to allow discovery to proceed while a colorable motion to dismiss is pending because the court might ultimately dismiss the action. Courts thus favor a stay whenever a defendant—like here—files a motion to dismiss that is "colorable," and turns on legal issues. *See Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024) (holding that a "colorable" motion supported a stay and noting that a stay is preferrable when the pending motion to dismiss turns on only legal issues and would not benefit from factual development).

*First*, Nelnet's pending Motion to Dismiss is colorable. Nelnet initially filed a different Motion to Dismiss, which argued that Plaintiff failed to plead an Article III injury and that, regardless, the case should be dismissed under the first-filed rule. (Doc. # 16, Memorandum of Law in Support of Motion to Dismiss). In response, Plaintiff amended her complaint to address the lack of Article III injury. (Doc. # 22, First Amended Complaint). But Plaintiff's amendment failed to address the first-filed issue. So Nelnet moved to dismiss the Amended Complaint, again arguing that the case should be dismissed under the first-filed rule (Doc. # 25).

The pending Motion to Dismiss explains that this case is exactly the sort of parallel proceeding that the first-filed rule is designed to prevent. This case is duplicative of the first-filed *Derrico* Action, as both cases allege the same underlying conduct, substantially similar class definitions, and violations of the same laws—many allegations here are even copied verbatim from the *Derrico* Action. (*Id*. at pp. 5–9). Allowing both actions to proceed would double the already onerous burden on Nelnet and promote the chance of inconsistent judgments, all while giving putative class members two bites at the apple. (*Id*. at pp. 9–11). Finally, no exception to the first-filed rule applies. (*Id*. at pp. 11–15).

*Second*, Nelnet's Motion to Dismiss turns on only legal issues. The first-filed rule applies when two actions are "substantially similar." *Bukhari v. Deloitte & Touche LLP*, 2012 WL 5904815, at *4 (S.D.N.Y. Nov. 26, 2012). In evaluating whether two actions are substantially similar, courts look at the plaintiffs' complaints. *See First City Nat'l Bank and Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (finding that the first-filed rule applies based on the allegations in the complaint). If the plaintiffs' *allegations* show that the cases concern the same parties and issues, courts will dismiss the second-filed case. *See Ontel Prods., Inc. v. Proj. Strat. Corp.*, 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995) (finding that the first-filed rule applies based on the

November 7, 2024
Page 3

allegations in the complaint). No further discovery is needed to rule on the pending Motion to Dismiss; it turns on a pure question of law.

**The sought class discovery would be especially burdensome.** Courts recognize that class discovery threatens to be especially "expensive [and] burdensome." *See Toth v. N.Y. City. Dep't of Ed.*, 2024 WL 3567337, at * 3 (E.D.N.Y. July 26, 2024). Here, Plaintiff seeks to certify a nationwide class of borrowers allegedly injured by duplicate credit reporting following the transfer of their student loans to a new servicer. But Nelnet has serviced millions of borrowers' federal student loans across the country. Thus, identifying all the class-related documents and information that Plaintiff will seek would, in many instances, require a time-intensive manual file-by-file review of innumerable borrower records. Plaintiff's class-based discovery requests might also require that Nelnet develop customized queries, in addition to the manual review of loan borrower files, yielding hundreds of thousands, if not millions, of documents. This "class . . . based discovery would thus serve to create an unnecessary burden should Defendant's [M]otion to [D]ismiss be resolved in its favor." *Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 568 (E.D.N.Y. 2024).

**The risk of unfair prejudice to Plaintiff is low.** It usually does not take long for courts to rule on dismissal motions. *See id.* Thus, "discovery would []be no different after the motion to dismiss is decided than it would be today[] because [][i]n the brief amount of time [needed to rule on the underlying motions], no files will be lost, and memories are not likely to fade as a result." *Id.* (last alteration in original). The risk of lost evidence is especially unlikely here because the records Plaintiff is likely to seek are electronically stored data, documents, and protocols, and not physical evidence that might spoil or expire. *See, e.g.*, 34 C.F.R. § 682.414(a)(4)(iii) (requiring loan documents be kept for three years after the date the loan is paid in full by the borrower and five years after the date the lender receives payment in full from any other source). Also, this case is still in its early stages—a discovery schedule has not been set, documents have not been sought, and depositions have not been taken. *See Sharma*, 345 F.R.D. at 569. Given neither party has yet focused on discovery, Plaintiff would not be inconvenienced by a stay. *Id*.

Moreover, and as explained in Nelnet's Motion to Dismiss, there is even less prejudice to Plaintiff considering the *Derrico* Action is proceeding without delay. In that action, a substantially similar putative class of student loan borrowers is being permitted to seek discovery and test the viability of their class action. Should the Court grant Nelnet's Motion to Dismiss, Plaintiff could likely join the *Derrico* Action—which is being brought by the same law firm that represents Plaintiff—and benefit from the discovery that has already been sought in that case.

\*     \*     \*

Nelnet respectfully requests that this Court stay discovery until it rules on Nelnet's pending Motion to Dismiss under the first-filed rule.

November 7, 2024
Page 4

                                              Respectfully submitted,

                                              */s/ Paige M. Willan*

                                              Paige M. Willan

PMW/cbb
cc: James A. Francis (via ECF)
    John Soumilas (via ECF)
    Kevin C. Mallon (via ECF)
    Matthew C. Arentsen (via ECF)

11207025.v1