UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADRIANA WALSH,<br><br>         Plaintiff,<br><br>    v.<br><br>NELNET SERVICING, LLC,<br><br>         Defendant. | 24 Civ. 4325 (DEH)<br><br>**OPINION<br>AND ORDER** |

DALE E. HO, United States District Judge:

  Currently before the Court are two Motions filed by Defendant Nelnet Servicing, LLC: a Motion to Dismiss the Amended Complaint, ECF No. 23, and a Motion to Stay Discovery, ECF No. 32. Defendant seeks dismissal of Plaintiff Adriana Walsh's Amended Complaint, ECF No. 22, which alleges violations of the Fair Credit Reporting Act ("FCRA"), pursuant to Rule 12 of the Federal Rules of Civil Procedure[1] and the Second Circuit's first-to-file rule. Plaintiff opposes the Motion. *See* Pl.'s Resp. Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 33. For the reasons explained below, Defendant's Motion to Dismiss is **DENIED**, Defendant's Motion to Stay Discovery is **DENIED AS MOOT**, and this case is to be transferred to the United States District Court for the District of New Jersey.

## BACKGROUND[2]

  Under the Second Circuit's first-to-file rule, "where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second

---

[1] All subsequent references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[2] The facts in this section are drawn from the Amended Complaints in this case and in *Derrico v. Nelnet Servicing, LLC*, No. 24 Civ. 677 (D.N.J.). The Court expresses no view as to the truth of the facts asserted herein.

action, or unless there are special circumstances which justify giving priority to the second." *Motion Picture Lab'y Technicians Loc. 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986). Before determining whether this case warrants dismissal under the first-to-file rule, as Defendant argues, the Court briefly describes the "competing lawsuit[]" commenced against Defendant before this action was filed.

## I. The *Derrico* Action

*Derrico v. Nelnet Servicing, LLC*, which is pending in the District of New Jersey, is a FCRA class action brought by Tami Derrico on behalf of herself and other federal student loan borrowers with loans previously serviced by Nelnet. *See* Am. Class Action Compl., *Derrico v. Nelnet Servicing, LLC*, No. 24 Civ. 6722 (D.N.J.) ("Derrico Compl.") ¶¶ 1-9, ECF No. 24-2.[3] Plaintiff in *Derrico* explains that Nelnet, "one of the largest federal student loan servicers in the nation," both "regularly provides information about student loan borrowers' accounts to consumer reporting agencies" and "routinely transfers student loans . . . to other entities that administer federal student loan forgiveness programs available to eligible borrowers." *Id.* ¶¶ 2-3. Her complaint alleges that Nelnet continues to disclose to credit reporting agencies ("CRAs") that borrowers have outstanding student loan balances even after it transfers those loans to other servicers that subsequently forgive the borrowers' debt. *Id.* ¶¶ 3-5. When the borrowers "exercise their rights under the FCRA to dispute the erroneous balance information that Nelnet provided," Nelnet "routinely, and, as a matter of practice, fails to reduce the nonexistence balances to $0 and continues to report the pre-forgiveness balance as open and owing." *Id.* ¶ 7. Putative *Derrico*

---

[3] For clarity, the Court notes that Nelnet helpfully attached the *Derrico* materials, including the complaint and scheduling order, as exhibits in its papers supporting its Motion to Dismiss. Decl. of Paige M. Willan, ECF No. 24 (attaching *Derrico*'s complaint and amended complaint as exhibits); Decl. of Paige M. Willan, ECF No. 37 (attaching, *inter alia*, *Derrico*'s pretrial scheduling order as exhibit).

class members suffer various injuries resulting from Nelnet's incorrect reporting to the CRAs, including harm to their credit reputation and scores, and lost credit opportunities. *See id.* ¶ 8.

Fact discovery in *Derrico* is still progressing and is scheduled to be completed by October 29, 2025. Pretrial Scheduling Order ¶ 1, *Derrico v. Nelnet*, No. 24 Civ. 6722 (D.N.J.), ECF No. 37-2. The docket in the *Derrico* case does not reflect that any putative class has been certified.

**II.     This Case**

Plaintiff filed this case on June 6, 2025, two days after the *Derrico* case was filed. *Compare* Compl. at 11, ECF No. 1 (dated June 7, 2024), *with* Compl., *Derrico v. Nelnet*, No. 24 Civ. 6722 (D.N.J.) at 12, ECF No. 24-1 (dated June 5, 2024). The allegations in this case—which the Court assumes to be true for purposes of adjudicating this motion—overlap with those of the *Derrico* case insofar as both actions accuse Nelnet of violating the FCRA by incorrectly reporting their respective plaintiffs' student loan debt to CRAs. *Compare* Am. Compl. ¶¶ 1-7, ECF No. 22, *with* Derrico Compl. ¶¶ 1-9. The actions differ based on their proposed class populations. The *Derrico* action seeks to certify a class of borrowers who no longer had federal student loan debt, which had been forgiven after their loans were transferred to different servicers, but who nonetheless appeared to still have student debt because Nelnet reported outstanding balances on those loans to CRAs. *See* Derrico Compl. ¶¶ 1-7. By contrast, putative class members in this case are borrowers whose loans were transferred but not forgiven. *See* Am. Compl. ¶ 66. After transferring these class members' student loans to other servicers, Nelnet would allegedly report to CRAs that borrowers owed it the outstanding balance at the time of transfer. *See* Am. Compl. ¶ 3. But the new loan servicers would, rightly, also report to CRAs that the borrowers owed a balance on the loans. *See id.* ¶ 4. This made it appear as though the borrowers owed double their loan amounts on their credit reports, with balances owed both to Nelnet and the new servicer. *Id.* As in *Derrico*, putative class members in this action are alleged to have suffered various injuries resulting from

3

Nelnet's incorrect reporting to the CRAs, including harm to their credit reputation and scores, and lost credit opportunities. *See id.* ¶ 6.

Discovery in this action is ongoing, with fact discovery set to be completed by October 29, 2025, and expert discovery set to be completed by February 20, 2026. *See* Civil Case Management Plan & Scheduling Order ¶¶ 7.a; 8.b, ECF No. 39. Defendant filed the pending Motion to Dismiss on October 15, 2024. ECF No. 23. In her Opposition, Plaintiff argues, *inter alia*, that "[if] this Court determines that the issues, facts, and proposed class populations in [her] case are sufficiently similar to warrant application of the first-filed rule," then "transfer of this case to the District of New Jersey for consolidation with *Derrico* is the appropriate remedy rather than dismissal or a stay." Pl.'s Opp'n at 11. On Reply, Defendant states that it "would not oppose a transfer of this action to the District of New Jersey to facilitate judicial administration and conservation of resources." Def.'s Reply Sup. Mot. Dismiss ("Def.'s Reply") at 1, ECF No. 36.

## LEGAL STANDARDS

"The First-to-File rule is a well-settled 'presumption favoring the forum wherein the suits are first filed.'" *Pagano v. Johnson Controls, Inc.*, Nos. 24 Civ. 1020, 24 Civ. 1047, & 24 Civ. 3243, 2025 WL 786535, at *2 (S.D.N.Y. Mar. 12, 2025) (quoting *First City Nat. Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 77 (2d Cir. 1989)). It "'embodies considerations of judicial administration and conservation of resources' by avoiding duplicative litigation." *Id.* (quoting *Simmons*, 878 F.2d at 80). As explained *supra*, under the first-to-file rule, "when 'there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'" *Joao v. Epic Sys. Corp.*, No. 25 Civ. 857, 2025 WL 1518982, at *1 (S.D.N.Y. May 28, 2025) (quoting *Simmons*, 878 F.2d at 79).

The first-to-file rule "does not require that the parties or claims in the competing suits be identical." *Id.* "[I]nstead, it applies so long as there are either identical or substantially similar parties and claims between the two suits." *Id.* The rule does not apply "(1) where the 'balance of convenience' favors the second-filed action, and (2) where 'special circumstances' warrant giving priority to the second suit." *Id.* (quoting *Emps. Ins. of Wausau v. Fox Ent. Grp.*, 522 F.3d 271, 275 (2d Cir. 2008).

## DISCUSSION

Having reviewed the parties' motion papers, the Court concludes that the first-to-file rule applies in this action. Clearly, this case and the *Derrico* action are "substantially similar." Both bring a single claim against the same defendant, Nelnet, under the same statute, the FCRA, under what is, broadly speaking, the same theory: Nelnet's alleged failure to correct the inaccurate student loan information it furnished to CRAs. *See* Def.'s Mem. of L. Supp. Mot. to Dismiss ("Def.'s Mem.") at 4, ECF No. 25 (citing Am. Compl. ¶ 43; Derrico Compl. ¶ 50). Both cases were filed by the same attorney. *Compare* Am. Compl. at 18 (signed by attorney John Soumilas), *with* Derrico Compl. at 17 (signed by attorney John Soumilas). And the complaints are nearly identical. True, the putative classes in the actions differ—with the *Derrico* action brought on behalf of borrowers whose loans have been forgiven altogether, and this action brought on behalf of those whose loans were merely transferred and therefore may continue to owe balances on their loans to the servicers to whom Nelnet transferred their loans. But this distinction, while perhaps meriting different classes, is not meaningful for purposes of the first-filed rule. The first-filed action, the *Derrico* case, could easily have been framed to include both classes. "What matters," as Defendant notes, is that the theories of both cases overlap—that is, that both turn on "whether there was duplicate reporting and whether Nelnet should have reported the transferred loans with $0 balance," irrespective of "whether the loans were later forgiven or not." Def.'s Mem. at 7.

5

Plaintiff's claims to the contrary are unavailing. She "denies that the parties and claims are sufficiently similar to warrant application of the [first-to-file] rule," arguing that "[t]he two cases lack the necessary overlap to make application of the first-filed rule warranted." Pl.'s Opp'n at 7, 10. Plaintiff also avers that the differences between the two cases "will affect the course of discovery and potentially the theories of liability and damages presented . . . ." *Id.* at 9. But the fact that the Plaintiff has crafted her putative class to not overlap with the putative class in *Derrico*—that is, has "explicitly carved out" the *Derrico* class member from "the class in this case", *id.* at 7—does not defeat Defendant's Motion, because "the first-filed rule does not require identical plaintiffs; it only requires that the plaintiffs be substantially similar," *Pippins v. KPMG LLP*, No. 11 Civ. 377, 2011 WL 1143010, at *3 (S.D.N.Y. Mar. 21, 2011); *see also Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244-46 (E.D.N.Y. 2012) (applying first-to-file rule on motion to dismiss after recognizing, *inter alia*, the "vast similarities among the individual plaintiffs in each of the putative collective and class actions" against the same defendant).

Nor does it matter that discovery and damages in the cases may be different. As Defendant notes, the cases "are based on *identical* theories of liability and alleged misconduct, and . . . have nearly identical complaints." Def.'s Reply at 3. Plaintiff cites no authority for the proposition that, on a motion to dismiss pursuant to the first-to-file rule, a court need compare the trajectory of discovery in the first and subsequently filed cases, or that it should speculate on the type or quantity of damages putative class members may receive at the conclusion of their respective cases. Again, what matters is that the "there are . . . substantially similar parties and claims between the two suits." *Joao*, 2025 WL 1518982, at *1. That requirement is met here.

Having determined that the first-to-file rule applies, the Court now turns to whether "the 'balance of convenience' favors the second-filed action" or whether "'special circumstances'

6

warrant giving priority to the second suit." *Id.* On its own accord,[4] the Court holds the balance of convenience does not favor this District over the District of New Jersey, nor do special circumstances warrant giving priority to this case over the *Derrico* action.

In a balance of convenience analysis on a motion to dismiss pursuant to the first-to-file rule, courts consider the same factors "as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Id.* at *2 (quoting *Emps. Ins. of Wausau*, 522 F.3d at 275). "They include: (1) the plaintiff's choice of forum, (2) the convenience of any witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties involved, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." *Id.* "The balance of convenience does not need to favor the transferring party under the first-to-file rule; instead, 'an even or inconclusively tilted "balance of convenience" would ordinarily support application of the first-filed rule.'" *Id.* (quoting *Pagano*, 2025 WL 786535, at *2).

Here, only the first factor—plaintiff's choice of forum—counsels against transfer. Thus, the balance of convenience weighs in favor of applying the first-to-file rule and transferring this case to the District of New Jersey. This is a nationwide class action; there will be no discernable difference to putative class members or witnesses if this case is heard across the river in the District of New Jersey rather than in this Court. Defendant notes that it is based in Nebraska, so "the Southern District of New York does not provide a more convenient forum to litigate . . . than the District of New Jersey." Def.'s Mem. at 13-14. Nothing in Plaintiff's Amended Complaint

---

[4] Plaintiff does not affirmatively argue that either exception to the first-to-file rule applies. Instead, Plaintiff argues that, if the Court is inclined to grant Defendant's Motion, her case should be transferred rather than dismissed. *See* Pl.'s Opp'n at 11.

7

suggests that the facts of this case turn on events that took place in this District. Nor do Plaintiff's papers suggest that this Court would be better suited to adjudicate her case due to its "familiarity with the governing law." *Joao*, 2025 WL 1518982, at *2. In fact, the *Derrico* court appears to be *more* familiar with the claims and applicable law in this case, as evidenced by how active the docket is there.[5] And, of course, the *Derrico* action was filed before this case—and so "trial efficiency and the interest of justice" counsel in favor of this case being heard in the same district as that action, partially because "litigation will continue in [New Jersey] regardless of the decision here." *Id.* In sum, convenience does not call for this case to be heard in this Court rather than the District of New Jersey.

There are no special circumstances counseling against applying the first-to-file rule here. "Special circumstances have been found in 'only a limited number of circumstances.'" *Id.* (quoting *Emps. Ins. of Wausau*, 522 F.3d at 276). "For instance, courts have refused to apply the first-filed rule in improper anticipatory actions." *Wyler-Wittenberg*, 899 F. Supp. 2d at 246. "Improper anticipatory actions include cases where the record suggests that forum-shopping motivated the filing of the suit and choice of venue." *Id.* To the extent there is evidence of any forum shopping here, it points to Plaintiff's counsel filing two nearly identical federal cases days apart in adjacent districts for reasons that escape the Court.

* * *

Because that the first-to-file rule applies, and because both exceptions to that rule are inapposite, the only remaining question is what should happen to this case. Based on the parties' mutual consent for this case to be heard in the court where the *Derrico* action was filed, and

---

[5] For example, the parties in *Derrico* have appeared before Magistrate Judge Waldor twice since that case was filed, whereas this Court has not yet conferenced with the parties in this case.

pursuant to its authority under 28 U.S.C. § 1404(a), the Court holds that this case should be transferred to the District of New Jersey.

Section 1404 states that "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). To determine if transfer is appropriate, courts employ a two-part test, looking at "whether the case could have been brought in the proposed transferee district" and whether the transfer is "in the interest of justice and convenience of the parties and witnesses." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22 Civ. 7996, 2024 WL 1574026, at *2 (S.D.N.Y. Apr. 11, 2024). Having reviewed the Amended Complaint in this case, and having already noted the similarities between this case and the *Derrico* action, the Court is satisfied this case could have been brought in the District of New Jersey. And having considered the factors concerning "the interest of justice and convenience of the parties and witnesses" *supra*, the Court is also satisfied that these factors counsel in favor of transferring this case.[6] Therefore, transfer is appropriate, and this case should be heard where *Derrico* was filed—in the District of New Jersey.

---

[6] As previously noted, "[t]he factors analyzed in [a first-to-file rule] balance of conveniences [analysis] are 'essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a).'" *Joao*, 2025 WL 1518982, at *2 (quoting *Emps. Ins. of Wausau*, 522 F.3d at 275).

## CONCLUSION

For the reasons explained above, Defendant's Motion to Dismiss, ECF No. 23, is **DENIED**. Defendant's Motion to Stay Discovery, ECF No. 32, is **DENIED AS MOOT**.[7] This case is to be transferred to the United States District Court for the District of New Jersey.

The Clerk of Court is respectfully requested to terminate ECF Nos. 15,[8] 23, and 32.

SO ORDERED.

Dated: July 18, 2025

New York, New York

                                              DALE E. HO
                                       United States District Judge

---

[7] Defendant requested a stay of discovery pending the Court's resolution of its then-pending motion to dismiss. *See* Letter Mot. to Stay, ECF No. 32. Because this Order resolves the motion to dismiss, the motion to stay discovery is now moot.

[8] ECF No. 15 is an open motion to dismiss the Complaint, which was rendered moot by Plaintiff filing her Amended Complaint.